DOUGLAS HAN (SBN 232858)
dhan@justicelawcorp.com
SHUNT TATAVOS-GHARAJEH (SBN 272164)
statavos@justicelawcorp.com
AREEN BABAJANIAN (SBN 290130)
ababajanian@justicelawcorp.com
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile:  (818) 230-7502

*Attorneys for* Plaintiffs
*Additional Counsel on the following page*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVEY MCDANIEL and JAY PERRY, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> APEX SYSTEMS, LLC, a Virginia limited liability company; <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> (1) Cal. Lab. Code §§ 510 & 1198 (Overtime); <br> (2) Cal. Lab. Code §§ 226.7 & 512(a) (Meal Period Premiums); <br> (3) Cal. Lab. Code  § 226.7 (Rest Period Premiums); <br> (4) Cal. Lab. Code §§ 1194 & 1197 (Minimum Wage); <br> (5) Cal Lab. Code §§ 201 & 202 (Untimely Final Wages); <br> (6) Cal. Lab. Code § 226(a) (Non-Compliant Wage Statements); <br> (7) Cal. Lab. Code §§ 2800 & 2802 (Unreimbursed Bus. Expenses); <br> (8) Cal. Bus. & Prof. Code § 17200, *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

KENNETH H. YOON (SBN 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (SBN 265480)
syasuda@yoonlaw.com
BRIAN G. LEE (SBN 300990)
blee@yoonlaw.com
**YOON LAW, APC**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

*Attorneys for* Plaintiffs

CLASS ACTION COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs JAY PERRY and IVEY MCDANIEL ("Plaintiffs"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## NATURE OF THE CASE

1. Defendant APEX SYSTEMS, LLC will hereinafter be referred to as "Defendants" or "Apex".

2. This case is brought as a class action and civil law enforcement action under California Labor Code and the Private Attorneys General Act ("PAGA") to address Defendants' violations of the California Labor Code, Industrial Welfare Commission ("IWC") Wage Orders, and Unfair Competition Law ("UCL"). Apex operates a consulting business and directly employ workers on a contractual basis whom they place with Apex's client businesses. Plaintiffs worked for Apex and were placed by Apex at Apex's clients to do work for Apex, which Apex then billed to their clients.

## PARTIES

3. Plaintiffs JAY PERRY and IVEY MCDANIEL are individuals residing in the State of California.

4. Upon information and belief, Defendant APEX SYSTEMS, LLC ("Apex") is a Virginia limited liability company doing business in California, and at all times hereinafter mentioned, employers whose employees are engaged throughout this District and throughout the State of California. Defendants maintain offices, have agents, and are licensed to transact and do transact business in this District. Upon information and belief, Apex's principal place of business is Glen Allen, Virginia, which is where Apex's corporate headquarters and some of its executive offices are located and where Apex's senior management team direct, control, and coordinate its activities.

/ / /

/ / /

5.      Upon information and belief, the putative class comprises of over 100 individuals.

6.      At all relevant times, Defendant APEX SYSTEMS, LLC was the "employer" of Plaintiffs within the meaning of all applicable California laws and statutes.

7.      Plaintiffs further allege that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other class members so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

8.      Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Federal Rule of Civil Procedure 23.

9.      The proposed class is defined as follows:

All current and former hourly-paid employees of Defendants within the State of California of any at any time during the period from April 6, 2016[1] to final judgment who did not sign an arbitration agreement with Apex Systems, LLC or signed and returned an opt-out of arbitration request with Apex Systems, LLC.

10.     Plaintiffs reserve the right to establish subclasses as appropriate.

11.     The class is ascertainable and there is a well-defined community of interest in the litigation:

---

[1]      Per Emergency Rule 9 (Tolling statute of limitations for civil causes of action) of the Judicial Council's Emergency Rules Related to COVID-19, all statute of limitations for civil causes of action that exceed 180 days are tolled from April 6, 2020 until October 1, 2020. Accordingly, Plaintiffs' claims were tolled during that time period.

1    a.   Numerosity: The class members are so numerous that joinder
2         of all class members is impracticable. The membership of the
3         entire class is unknown to Plaintiffs at this time; however, the
4         class is estimated to be greater than one-hundred (100)
5         individuals and the identity of such membership is readily
6         ascertainable by inspection of Defendants' employment
7         records.

8    b.   Typicality: Plaintiffs' claims are typical of all other class
9         members' claims as demonstrated herein. Plaintiffs will fairly
10        and adequately protect the interests of the other class members
11        with whom they have a well-defined community of interest.

12   c.   Adequacy: Plaintiffs will fairly and adequately protect the
13        interests of each class member, with whom they have a well-
14        defined community of interest and typicality of claims, as
15        demonstrated herein. Plaintiffs have no interest that is
16        antagonistic to the other class members. Plaintiffs' attorneys,
17        the proposed class counsel, are versed in the rules governing
18        class action discovery, certification, and settlement. Plaintiffs
19        have incurred, and during the pendency of this action will
20        continue to incur, costs and attorneys' fees, that have been,
21        are, and will be necessarily expended for the prosecution of
22        this action for the substantial benefit of each class member.

23   d.   Superiority: A class action is superior to other available
24        methods for the fair and efficient adjudication of this litigation
25        because individual joinder of all class members is impractical.

26   / / /
27   / / /
28   / / /

1

e.      Public Policy Considerations: Certification of this lawsuit as a

2       class action will advance public policy objectives. Employers

3       of this great state violate employment and labor laws every

4       day. Current employees are often afraid to assert their rights

5       out of fear of direct or indirect retaliation. However, class

6       actions provide the class members who are not named in the

7       complaint anonymity that allows for the vindication of their

8       rights.

9       12.     There are common questions of law and fact as to the class members

10      that predominate over questions affecting only individual members. The

11      following common questions of law or fact, among others, exist as to the

12      members of the class:

13      a.      Whether Defendants' failure to pay wages, without abatement

14      or reduction, in accordance with the California Labor Code,

15      was willful;

16      b.      Whether Defendants failed to pay their hourly-paid employees

17      within the State of California for all hours worked, missed

18      meal periods and rest breaks in violation of California law;

19      c.      Whether Defendants required Plaintiffs and the other class

20      members to work over eight (8) hours per day and/or over

21      forty (40) hours per week and failed to pay the legally required

22      overtime compensation to Plaintiffs and the other class

23      members;

24      d.      Whether Defendants failed to affirmatively relieve Plaintiffs

25      and the other class members of all duty for legally required

26      meal and/or rest periods, and whether such failure included the

27      additional failure to not make required payments of premium

28      compensation;

6

e.    Whether Defendants failed to pay minimum wages to Plaintiffs and the other class members for all hours worked;

f.    Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

g.    Whether Defendants failed to timely pay all wages due to Plaintiffs and the other class members during their employment;

h.    Whether Defendants complied with wage reporting as required by the California Labor Code, including, inter alia, section 226;

i.    Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs;

j.    Whether Defendants' conduct was willful or reckless;

k.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

l.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m.    Whether Plaintiffs and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

/ / /

/ / /

/ / /

## JURISDICTION AND VENUE

13.     Jurisdiction over Plaintiffs' state law claims is based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interest and costs, and this is a class action in which more than two-thirds of the proposed Class, on the one hand, and Defendants, on the other, are citizens of different states.

14.     This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have offices, conduct business and can be found in the District, and the causes of action set forth herein have arisen and occurred in part in the District. For example, Plaintiff McDaniel regularly performed work for Defendants in this District. Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts within the state of California and in this District.

## GENERAL ALLEGATIONS

16.     During the relevant time period set forth herein, Defendants employed Plaintiffs and other persons as hourly-paid employees within the State of California.

17.     Defendants, jointly and severally, employed Plaintiff Perry as an hourly-paid employee from approximately May of 2016 to March of 2018 in the State of California. Defendants, jointly and severally, employed Plaintiff McDaniel as an hourly-paid employee from approximately February of 2018 to August of 2019 in the State of California.

/ / /

/ / /

18.     Defendants had the authority to hire and terminate Plaintiffs and the other class members; to set work rules and conditions governing Plaintiffs and other class members' employment; and to supervise their daily employment activities.

19.     Defendants exercised sufficient authority over the terms and conditions of Plaintiffs and the other class members' employment for them to be joint employers of Plaintiffs and other class members.

20.     Defendants directly hired and paid wages and benefits to Plaintiffs and the other class members.

21.     Defendants continue to employ hourly-paid employees within the State of California.

22.     Plaintiffs and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

23.     Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid employees within the State of California.  This scheme involved, inter alia, failing to pay them for all hours worked, missed meal periods, and missed rest breaks in violation of California law.

24.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that Plaintiffs and the other class members were not receiving wages for overtime compensation.

/ / /

/ / /

/ / /

25.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

26.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Defendants were obligated to affirmatively relieve Plaintiffs and other class members of duty such that they receive all timely and complete meal periods (and if not, payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay), and that when Defendants failed to do so, Plaintiffs and other class members Defendants were further obligated to make payment of one additional hour of pay at their regular rate of pay.

27.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Defendants were obligated to affirmatively relieve Plaintiffs and other class members of duty such that they receive all timely and complete rest breaks (and if not, payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay), and that when Defendants failed to do so, Plaintiffs and other class members Defendants were further obligated to make payment of one additional hour of pay at their regular rate of pay.

28.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive at least minimum wages for compensation and that Plaintiffs and the other class members were not receiving at least minimum wages for all hours worked.

/ / /

/ / /

29.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and that Plaintiffs and the other class members did not, in fact, receive such wages owed to them at the time of their discharge or resignation.

30.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, Plaintiffs and the other class members did not receive complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiffs and the other class members.

31.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to reimbursement for necessary business-related expenses.

32.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiffs and other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records for Plaintiffs and other class members.

33.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that they had a duty to compensate Plaintiffs and other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and other class members that they were properly denied wages, all in order to increase Defendants' profits.

34. At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiffs and the other class members for all hours worked. Plaintiffs and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

35. At all material times set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiffs and other class members.

36. At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members at least minimum wages for all hours worked.

37. At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members the wages owed to them upon discharge or resignation.

38. At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

39. At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

40. At all material times set forth herein, Defendants failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendants' profits.

41. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

/ / /

/ / /

/ / /

# FIRST CAUSE OF ACTION

## (Violation of California Labor Code §§ 510 and 1198)

## (Against APEX SYSTEMS, LLC)

42. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 41, and each and every part thereof with the same force and effect as though fully set forth herein.

43. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

44. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and the other class members employed by Defendants, who work(ed) more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

45. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

46. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

/ / /

47.     During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week. Plaintiffs allege Defendants knew, or should have known, of the overtime hours worked. Additionally, Defendants failed to compensate Plaintiffs and the other class members for all hours worked and off-the-clock work, including (a) pre- and post-shift, (b) during purported 'meal breaks', (c) while completing administrative paperwork, including prior to job assignment at Defendants' clients, (d) travelling to mandatory trainings or work-related functions, and (e) remotely logging and reporting hours of work or other administrative tasks. Defendants also limited the amount of overtime Plaintiffs and the other class member could work.

48.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and other class members.

49.     Defendants' policy of failing to pay Plaintiffs and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

50.     Pursuant to California Labor Code section 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against APEX SYSTEMS, LLC)

51.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

/ / /

52. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs and other class members' employment by Defendants.

53. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

54. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

55. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56. During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

/ / /

57.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

58.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

59.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

60.     During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods. Defendants neither scheduled meal periods for Plaintiffs and the other class members nor affirmatively relieved them of all work duties so they may receive legally compliant breaks, instead shifting the onus on Plaintiffs and the other class members to find the time to take legally non-compliant breaks. Moreover, Defendants failed to authorize and permit Plaintiffs and the other class members to take the requisite number of meal periods, including second meal periods, when working shifts exceeding 10 hours in length.

/ / /

61.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

62.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

63.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against APEX SYSTEMS, LLC)

64.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 63, and each and every part thereof with the same force and effect as though fully set forth herein.

65.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs and the other class members' employment by Defendants.

66.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

67.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

68. During the relevant time period, Defendants required Plaintiffs and the other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

69. During the relevant time period, Defendants willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods. Defendants neither scheduled rest periods for Plaintiffs and the other class members nor affirmatively relieved them of all work duties so they may receive legally compliant breaks, instead shifting the onus on Plaintiffs and the other class members to find the time to take legally non-compliant breaks. Moreover, Defendants failed to authorize and permit Plaintiffs and the other class members to take the requisite number of rest periods, including third rest period, when working shifts exceeding 10 hours in length.

70. During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

71. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

72. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

/ / /

/ / /

/ / /

# **FOURTH CAUSE OF ACTION**

## **(Violation of California Labor Code §§ 1194 and 1197)**

## **(Against APEX SYSTEMS, LLC)**

73. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 72 and each and every part thereof with the same force and effect as though fully set forth herein.

74. At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed, is unlawful.

75. During the relevant time period, Defendants failed to pay minimum wages to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197 and 1197.1. Specifically, Plaintiffs alleges that Defendants failed to pay minimum wages for all the time Defendants knew or should have known Plaintiffs and the other class members had worked. Additionally, Defendants filed to compensate Plaintiffs and the other class members for all hours worked and off-the-clock work, including (a) pre- and post-shift, (b) during purported 'meal breaks', (c) while completing administrative paperwork, including prior to job assignment at Defendants' clients, (d) travelling to mandatory trainings or work-related functions, and (e) remotely logging and reporting hours of work or other administrative tasks.

76. Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those sections, Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

/ / /

/ / /

77. Pursuant to California Labor Code section 1197.1, Plaintiffs and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

78. Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against APEX SYSTEMS, LLC)

79. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

80. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

/ / /

/ / /

/ / /

81.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ. Specifically, Plaintiff Perry's employment with Defendants ended in or around March of 2018, while Plaintiff McDaniel's employment with Defendants ended in or around August of 2019. Plaintiffs further allege Defendants failed to compensate them for unpaid overtime and minimum wages within thirty days of the end of the employment relationship and, to date, continues to refuse to pay those wages. Defendants' failure to pay wages was willful in that Defendant knew of and refused to pay Plaintiffs' wages and continues to refuse such payment.

82.     Defendants' policy of failing to pay Plaintiffs and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

83.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

84.     Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to the thirty (30) day maximum as provided by Labor Code section 203.

/ / /

/ / /

/ / /

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against APEX SYSTEMS, LLC)**

85.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 84, and each and every part thereof with the same force and effect as though fully set forth herein.

86.    At all relevant times, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

87.    Defendants have intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements or sometimes any wage statements at all. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiffs and the other class members.

/ / /

88.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily protected rights. More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a). Due to the deficient wage statements issued by Defendants, Plaintiffs allege they could not promptly and easily determine from the wage statement alone the hours they worked and all applicable hourly rates in effect during the pay period, or calculate the gross wages and net wages earned as required by § 226(a).

89.    Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

90.    Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against APEX SYSTEMS, LLC)

91.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

92.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

93.     Defendants have intentionally and willfully maintained a common policy, practice and/or procedure to fail to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs, including for using their personal cellular phones for work purposes such as fielding work calls, participating in telephonic meetings and communicating with management, and using their personal vehicles for work related travel, like attending meetings.

94.     Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## EIGHTH CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, *et seq.*)**

**(Against APEX SYSTEMS, LLC)**

95.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.     Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors.   Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

97.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq*.

/ / /

/ / /

/ / /

98.	A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' policy of requiring Plaintiffs and the other class members work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policy of requiring Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' policy of failing to timely pay wages to Plaintiffs and the other class members violate California Labor Code sections 201 and 202.  Defendants also violated California Labor Code sections 226(a), 1194, 1197, 2800 and 2802.

99.	As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

100.	Plaintiffs and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

101.	Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs, individually and on behalf of all other members of the general public similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

/ / /

/ / /

## Class Certification

1.      That this action be certified as a class action;

2.      That Plaintiffs be appointed as representatives of the Class;

3.      That counsel for Plaintiffs be appointed as Class Counsel; and

4.      That Defendants provide to Class Counsel immediately the names and most up-to-date contact information (address, e-mail and telephone numbers) of all class members.

## As to the First Cause of Action

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.      For such other and further relief as the court may deem just and proper.

## As to the Second Cause of Action

10.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs and the other class members;

11.      That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(b);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

18. That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(b);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due;

22. For reasonable attorneys' fees and costs of suit incurred herein; and

23. For such other and further relief as the court may deem just and proper.

/ / /

/ / /

### As to the Fourth Cause of Action

24. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194 and 1197 by willfully failing to pay minimum wages to Plaintiffs and the other class members;

25. For general unpaid wages and such general and special damages as may be appropriate;

26. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs and the other class members in the amount as may be established according to proof at trial;

27. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

28. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

29. For liquidated damages pursuant to California Labor Code section 1194.2; and

30. For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

31. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendants;

32. For all actual, consequential, and incidental losses and damages, according to proof;

33. For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

34. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

35. For reasonable attorneys' fees and costs of suit incurred herein; and

36. For such other and further relief as the court may deem just and proper.

## As to the Sixth Cause of Action

37. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

38. For actual, consequential and incidental losses and damages, according to proof;

39. For statutory penalties pursuant to California Labor Code section 226(e);

40. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g);

41. For reasonable attorneys' fees and costs of suit incurred herein; and

42. For such other and further relief as the court may deem just and proper.

## As to the Seventh Cause of Action

43. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

44. For actual, consequential and incidental losses and damages, according to proof;

45. For the imposition of civil penalties and/or statutory penalties;

46. For punitive damages and/or exemplary damages according to proof at trial;

47. For reasonable attorneys' fees and costs of suit incurred herein; and

48. For such other and further relief as the court may deem just and proper.

## <u>As to the Eighth Cause of Action</u>

49. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code section 17200, *et seq.* by failing to provide Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to pay at least minimum wages to Plaintiffs and the other class members, failing to pay Plaintiffs and the other class members' wages timely as required by California Labor Code section 201, 202.

50. For restitution of unpaid wages to Plaintiffs and the other class members and all pre-judgment interest from the day such amounts were due and payable;

51. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code section 17200, *et seq.*;

52. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

53. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code section 17200, *et seq.*; and

/ / /

/ / /

/ / /

54. For such other and further relief as the court may deem just and proper.

Dated: August 28, 2020

**JUSTICE LAW CORPORATION**


By: _/s/ Douglas Han_____
   Douglas Han
   Shunt Tatavos-Gharajeh
   Areen Babajanian
   *Attorneys for* Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

Dated: August 28, 2020                **JUSTICE LAW CORPORATION**


By: ___/s/ Douglas Han_____
Douglas Han
Shunt Tatavos-Gharajeh
Areen Babajanian
*Attorneys for* Plaintiffs